# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:02-CR-133 |
| | § | |
| ALFRED DAVID GRAHAM, JR. | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 7, 2013, alleging that the Defendant, Alfred Graham, Jr., violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on April 21, 2003, before the Honorable Richard A. Schell, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute 5 grams or more, but less than 50 grams, of cocaine base, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of IV, was 121 to 151 months. The Defendant was sentenced to 130 months' imprisonment, followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to

include: financial disclosure; drug treatment and testing; complete his GED; and a $100 special assessment. On January 23, 2009, his sentence was reduced from 130 months to 108 months.

## II. The Period of Supervision

On July 23, 2010, the Defendant completed his original period of imprisonment and began service of the original supervision term. On July 5, 2011, his conditions were modified to include 180 days home detention with an electronic monitor. On January 17, 2013, his conditions were modified to include 180 days placement in a community corrections center.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision alleging that the Defendant violated the following conditions of his supervised release: 1.) charges were filed against the defendant for assault on August 3, 2012 in violation of his mandatory condition that he shall not commit another federal, state, or local crime; 2) on July 17, 2012, the Defendant admitted that he lied to his probation officer to avoid a face to face contact with her in violation of his condition that he permit home visits from his probation officer; 3) on August 10, 2012, the Defendant lied about the wound he received from the above-mentioned assault charge in violation of his condition that he answer inquiries from his probation officer truthfully; 4) the Defendant failed to secure full time employment in violation of his condition that he do so; 5) on July 18, 2012, the Defendant submitted a positive urine specimen in violation of his condition that he refrain from use of controlled substances or narcotics; 6) on July 26, 2012 and August 15, 2012, the Defendant failed to submit urine specimens as required by his conditions of release; 7) the Defendant failed to complete his GED as required by his conditions; and 8) on February 20, 2013, the Defendant was arrested for a warrant to revoke his Jefferson County Community Supervision for

being in Houston in violation of his condition that he not leave the judicial district without permission of the Court.

### IV. Proceedings

On July 24, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the eighth allegation, which asserted that he violated a standard condition of supervised release. The Petition alleges, "[o]n February 20, 2013, Mr. Graham was arrested in Houston, Texas, for a warrant to revoke his Jefferson County Community Supervision. Mr. Graham did not have permission to be in Houston, Texas."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of ten (10) months' imprisonment with no supervised release to follow.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by leaving the judicial district without permission, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. §7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history of IV, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment is at least one month but not more than six months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

In addition, U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the Defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant agreed to plead "true" to the eighth allegation, which asserted that he violated a standard condition of supervised release. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is IV. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by leaving the judicial district without permission. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of ten (10) months' imprisonment.

## VII. Recommendations

1. The court should find that the Defendant violated a standard condition of supervised release by leaving the judicial district without permission.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of ten (10) months with no supervised release to follow.

4. The court should recommend that the Defendant be incarcerated in the Federal Detention Center in Fort Worth, Texas if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 25th day of July, 2013.

_____
Zack Hawthorn
United States Magistrate Judge